T.C. Memo. 1999-34


UNITED STATES TAX COURT


MICHAEL M. DEW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8801-98.                    Filed February 3, 1999.


Michael M. Dew, pro se.

Deborah Swann and Elizabeth S. Henn, for respondent.


MEMORANDUM OPINION


CHABOT, Judge:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with
and adopts the opinion of the Special Trial Judge, which is set
forth below.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed July 2, 1998, as amended August 25, 1998.  As discussed in greater detail below, we shall grant respondent's motion to dismiss, as amended.

Background

On February 2, 1998, respondent mailed duplicate original notices of deficiency to Michael M. Dew (petitioner) determining a deficiency of $18,754 in his Federal income tax for 1993 and an addition to tax under section 6651(a)(1) of $865.  Respondent mailed duplicate notices to:  (1) P.O. Box 751, Easton, MD 21601 (the address appearing on petitioner's 1996 tax return filed February 1997--the last return filed by petitioner prior to the mailing of the notice of deficiency)[2]; and (2) c/o Wallace and Company, P.O. Box 1496, Easton, Md. 21601 (the address appearing on petitioner's 1993 tax return and the address that respondent had used to communicate with petitioner during the examination).

At the time that the notice of deficiency was issued, petitioner had not filed a power of attorney designating Wallace and Company to act as his representative.  However, petitioner did file such a power of attorney with respondent in March 1998.

The envelope bearing the notice of deficiency mailed to P.O. Box 751 contains markings indicating that it may have been

_____

[2]  Petitioner's 1997 tax return was filed in May 1998, subsequent to the mailing of the notice of deficiency.

forwarded by the U.S. Postal Service to petitioner at 578 Fox Paw Trail, Annapolis, MD 21401.  In any event, on March 9, 1998, the envelope was returned to respondent undelivered and marked "Unclaimed".  The notice of deficiency mailed in the care of Wallace and Company was not returned to respondent.

On May 11, 1998, a representative of Wallace and Company filed a petition with the Court on petitioner's behalf contesting petitioner's tax liability for 1993 and 1994.[3]  The first page of the notice of deficiency attached to the petition--the notice of deficiency for 1993 that respondent mailed to petitioner in care of Wallace and Company--included a handwritten notation listing the 1994 year and a deficiency of $1,969.

The petition, which is dated April 29, 1998, arrived at the Court in an envelope bearing a private postage meter postmark date of April 29, 1998, and a U.S. Postal Service postmark date of May 8, 1998.

On May 18, 1998, after the petition in this case was filed, respondent mailed a notice of deficiency to petitioner determining a deficiency of $1,969 in his Federal income tax for 1994.  Respondent did not issue any notice of deficiency to petitioner for 1994 before the petition in this case was filed.  On August 17, 1998, petitioner filed a petition with the Court, assigned docket No. 14211-98S, contesting the notice of deficiency for 1994.

---

[3]  At the time the petition was filed, it appears that petitioner resided in Easton, Md.

Respondent filed a Motion to Dismiss for Lack of Jurisdiction in this case on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a). Petitioner filed an objection to respondent's motion to dismiss, asserting that his petition was timely mailed to the Court on April 29, 1998.

Respondent subsequently filed both a response to petitioner's objection and an amendment to respondent's motion to dismiss. In the response, respondent asserted that the petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of May 8, 1998. In the amendment to the motion to dismiss, respondent alleged that the petition should be dismissed with respect to 1994 on the ground that respondent had not issued a notice of deficiency to petitioner for 1994 prior to the filing of the petition in this case. Petitioner filed a response to respondent's response repeating the allegations made in his objection.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss, as amended. Although no appearance was entered at the hearing by or on behalf of petitioner, petitioner did file a Rule 50(c) statement with the Court in which he maintained that his petition was timely filed. During the hearing, counsel for respondent represented to the Court that respondent did not make the handwritten notation (referring to

the 1994 taxable year) appearing on the copy of the notice of deficiency attached to the petition.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988); Rule 13(a), (c). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a deficiency notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52. The taxpayer, in turn, generally has 90 days from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

The record shows that respondent did not issue a notice of deficiency to petitioner for 1994 prior to the filing of the petition in this case. In fact, respondent mailed a notice of deficiency to petitioner for 1994 on May 18, 1998, and petitioner filed a petition with the Court, assigned docket No. 14211-98S,

on August 17, 1998.  Consequently, as to the taxable year 1994, we shall dismiss this case for lack of jurisdiction and strike the allegations in the petition referring to that year on the ground that respondent had not issued a valid notice of deficiency for 1994 to petitioner prior to the filing of the petition in this case.

On February 2, 1998, respondent mailed duplicate original notices of deficiency for 1993 to petitioner at the P.O. Box 751 address (the address on petitioner's most recent return before the mailing of the notice) and to Wallace and Company (the address where respondent had corresponded with petitioner during the examination).  Although the phrase "last known address" is not defined in the Internal Revenue Code or the regulations, we have held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address.  Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681.  The burden of proving that a notice of deficiency was not sent to the taxpayer's last known address is on the taxpayer.  Yusko v. Commissioner, supra at 808.

There is no evidence in the record that petitioner notified respondent that he wanted correspondence sent to any address other than those used by respondent in mailing the notice of deficiency.  Considering all of the facts and circumstances, we are satisfied that respondent mailed the notice of deficiency to petitioner at his last known address.

The only remaining question is whether the petition was filed within the 90-day period prescribed in section 6213(a). The 90-day period for filing a timely petition with the Court expired on Monday, May 4, 1998. Petitioner contends that the petition was mailed to the Court on April 29, 1998. Although the petition arrived at the Court in an envelope bearing a private postage meter postmark date of April 29, 1998, that postmark is not controlling for purposes of determining the date of mailing because the envelope also bore a U.S. Postal Service postmark date of May 8, 1998. It is well settled that a private postage meter postmark will be disregarded when it conflicts with a legible U.S. Postal Service postmark. Malekzad v. Commissioner, 76 T.C. 963, 966-967 (1981); Gerl v. Commissioner, T.C. Memo. 1987-289; see sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Consistent with this rule, the date of mailing of the petition is May 8, 1998--a date that falls beyond the 90-day filing period prescribed in section 6213. Because the petition was not timely filed, we lack jurisdiction to redetermine petitioner's tax liability for 1993, and we shall grant respondent's motion to dismiss for lack of jurisdiction, as amended.[4]

---

[4] Although petitioner cannot pursue his case in this Court for the taxable year 1993, he is not without a remedy as to that year. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970). Further, although petitioner cannot pursue his case in this docket (i.e., dkt. No. 8801-98) for the taxable year 1994, he may pursue his case for that year in dkt. No. 14211-98S.

To reflect the foregoing,

<u>An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction, as amended</u>.